IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEX SONNI GLOVER, JR., § | |
| Reg. No. 09797-062, § | |
|     Petitioner, § | |
| § | |
| v. § | EP-15-CV-320-KC |
| § | |
| J. S. WILLIS, Warden, § | |
|     Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Alex Sonni Glover, Jr., a former prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] filed a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus (ECF No. 3),[2] asserting that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), he should be resentenced and immediately released from prison. Glover's sentencing court determined that five of his prior felony convictions constituted "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"),[3] and that he faced a minimum mandatory sentence of 180 months' imprisonment. In *Johnson*, the Supreme Court

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in this cause.

[3] *See* 18 U.S.C. § 924(e)(1) (2012) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).").

held that a portion of the statutory definition of "violent felony" in the ACCA's "residual clause,"[4] was unconstitutionally vague; therefore, "[i]ncreasing a defendant's sentence under the clause denie[d] due process of law."[5]  Glover's sentencing court subsequently issued an order modifying his sentence.  In accordance with the amended judgment, the Bureau of Prisons recomputed Glover's sentence and released him from its custody on May 12, 2016.

Respondent J. S. Willis now moves to dismiss Glover's petition as moot under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 20).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[6]  "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents."[7]  Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction.[8]  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[9]

---

[4] *See* 18 U.S.C. § 924(e)(2)(b) (2012) ("the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or **(ii)** is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*") (emphasis added).

[5] *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

[6] *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

[7] *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008)

[8] Fed. R. Civ. P. 12(b)(1).

[9] *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Willis served Glover with a copy of his motion at his last known address in Tulsa, Oklahoma. Glover has not filed a response to the motion.

Accordingly, after due consideration, the Court enters the following orders.

**IT IS ORDERED** that Willis's motion to dismiss Glover's petition as moot under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Glover's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 3) and his civil cause are **DISMISSED** as **MOOT**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this 8th day of December, 2016.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**